UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

SIDNEY DURELL HILL,

        Plaintiff,

v.

RANDALL GROVER et al.,

        Defendants.
_____/

Case No. 2:23-cv-156

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Beaulieu, Hungerford, and Moran. The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims against Defendant Grover.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corrections Officers Randall Grover and Unknown Hungerford, Deputy Warden Robert Beaulieu, and Acting Lieutenant Unknown Moran in their individual and official capacities.

Plaintiff alleges that on July 11, 2023, he assisted another prisoner with writing a grievance on Defendant Grover. (ECF No. 1, PageID.7.) While Plaintiff was writing the grievance, Defendant Grover walked into the area with grievance forms and saw Plaintiff. Defendant Grover said, "Oh you don't need a grievance? I see you already have one." (*Id.*) Later that evening, Defendant Grover was staring at Plaintiff in an intimidating manner and asked "Hey, what's up Hill?" (*Id.*, PageID.7–8.) Plaintiff noticed the smirk on Defendant Grover's face and asked if Grover was going to tear up Plaintiff's cell in retaliation for helping another prisoner write a grievance on him. (*Id.*, PageID.8.) Defendant Grover responded that it was on the agenda. (*Id.*) Plaintiff stated that would be retaliation and a constitutional violation, but Defendant Grover countered that it would not be retaliation if he smelled alcohol. (*Id.*) Plaintiff then stated that he was sure a number of the prisoners listening to the exchange would write an affidavit for Plaintiff. (*Id.*)

Prisoner Beamon then stepped forward and volunteered to write an affidavit, prompting Defendant Grover to threaten Prisoner Beamon with an out of place ticket. (*Id.*) Defendant Grover asked Plaintiff if he had just threatened to write a lawsuit against him, and Plaintiff stated that he had. Defendant Grover told Plaintiff that was considered insolence and ordered Plaintiff away from the desk. Plaintiff then turned to Defendant Hungerford and asked if he knew he had an obligation

2

to prevent Defendant Grover from violating his rights in that manner. Defendant Hungerford said "yes," but did nothing to correct Defendant Grover's conduct. (*Id.*)

Defendant Grover told Plaintiff that he was very close to going to the hole and ordered him to leave the area. Plaintiff complied and proceeded to the game room where he began writing a grievance on Defendant Grover. (*Id.*) However, Defendant Grover then entered and asked for Plaintiff's I.D. card. Plaintiff then completed the grievance and placed it in the prison mailbox. (*Id.*)

The next afternoon, Plaintiff was called to the control center to be reviewed on a class II misconduct ticket for insolence written by Defendant Grover. In the misconduct ticket, Defendant Grover falsely asserted that Plaintiff said, "I dare you to go shake down my area of control because I would be happy to write up a lawsuit." (*Id.*)

Plaintiff pleaded not guilty to the misconduct and received a hearing by Defendant Moran on July 17, 2023. Defendant Moran refused to allow Plaintiff to present the affidavits written by prisoners who had witnessed the conversation between Plaintiff and Defendant Grover, even though administrative rules required him to allow Plaintiff to present his documented defense. Defendant Moran ultimately found Plaintiff guilty of the misconduct. (*Id.* at PageID.9.) Plaintiff filed an appeal, which was denied by Defendant Beaulieu. (*Id.*)

On July 20, 2023, Defendant Grover and non-party Corrections Officer Wilson searched Plaintiff's area of control, claiming that they smelled alcohol. No alcohol was found, but Plaintiff's possessions were thrown all over the cell. (*Id.*) On July 24, 2023, Defendant Grover again searched Plaintiff's area of control, claiming to have smelled alcohol. Defendant Beaulieu happened to be making rounds and Plaintiff approached him, complaining about Defendant Grover's actions.

Defendant Beaulieu did nothing to correct Defendant Grover's conduct and continued to allow Grover to retaliate against Plaintiff.

Plaintiff states that he is asserting retaliation claims against Defendants Grover, Hungerford, and Beaulieu. Plaintiff also states that he is asserting a substantive due process claim against Defendant Moran. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

4

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Official Capacity Claims

Plaintiff states that he is suing Defendants in their individual and official capacities. Officials named in their official capacities are entitled to immunity with respect to claims for damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1988). An official capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). However, the Supreme Court has cautioned that "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Here, Plaintiff seeks an injunction ordering Defendants to cease writing false misconducts on prisoners who threaten to file lawsuits or engage in other protected conduct. However, Plaintiff does not set forth any specific allegations suggesting that any named Defendants are engaged in ongoing violations of federal law. Thus, Plaintiff cannot maintain any official capacity claims for injunctive relief against Defendants. Accordingly, his official capacity claims will be dismissed in their entirety.

### B. Retaliation Claims Against Defendants Beaulieu and Hungerford

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

With respect to Plaintiff's claim that Defendant Beaulieu retaliated against him when Beaulieu failed to stop Defendant Grover from performing a retaliatory cell search, Plaintiff fails to allege that Defendant Beaulieu engaged in any active misconduct. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

6

violated the Constitution." *Iqbal*, 556 U.S. at 676. In this action, Plaintiff fails to allege any facts showing that Defendant Beaulieu's failure to intervene was motivated by a desire to retaliate against Plaintiff.

Plaintiff's retaliation claim against Defendant Hungerford is likewise subject to dismissal. As with Defendant Beaulieu, Plaintiff's claim against Defendant Hungerford is based on Hungerford's failure to intervene on Plaintiff's behalf—in this case Hungerford's failure to intervene when Defendant Grover threatened to search Plaintiff's cell and to write a ticket on Plaintiff for insolence. As noted above, a plaintiff looking to proceed on a § 1983 claim must allege active unconstitutional behavior on the part of a defendant. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter*, 532 F.3d at 575–76; *Greene v. Barber*, 310 F.3d at 899. Plaintiff fails to allege facts showing that Defendant Hungerford engaged in any misconduct or that he had any retaliatory animus toward Plaintiff.

Accordingly, for these reasons, Plaintiff's retaliation claims against Defendants Beaulieu and Hungerford fail to state a claim.

### C. Retaliation Claims Against Defendant Grover

Plaintiff states that Defendant Grover retaliated against him for assisting another prisoner with writing a grievance[1] on Defendant Grover by threatening to tear up Plaintiff's cell and to justify the cell search by stating that he smelled alcohol. In addition, Plaintiff states that Defendant Grover threatened other prisoners when they offered to write an affidavit in support of Plaintiff. Defendant Grover also told Plaintiff that threatening to file a lawsuit was considered insolence and

---

[1]Assisting another prisoner with a grievance is not itself protected conduct. *See Herron v. Harrison*, 203 F.3d 410, 415-16 (6th Cir. 2000) (citation omitted) (holding that while a prisoner does not have an independent right to help others with their legal claims and grievances, such conduct is protected when the inmate receiving the assistance would otherwise be unable to seek redress). Although Plaintiff states that his assistance was vital to the other inmates, he fails to allege facts to support this conclusory assertion.

7

threatened to send Plaintiff to the hole. Plaintiff subsequently wrote a grievance on Defendant Grover, after which Defendant Grover asked for Plaintiff's I.D. card. The next afternoon, Plaintiff was reviewed on a false class II misconduct ticket for insolence written by Defendant Grover. Plaintiff further asserts that Defendant Grover searched Plaintiff's cell on July 20, 2023, and July 24, 2023, after Defendant claimed to have smelled alcohol.

At this stage of the proceedings, taking Plaintiff's allegations as true and in the light most favorable to him, the Court will not dismiss Plaintiff's retaliation claims against Defendant Grover on initial review.

        **D.**       **Substantive Due Process claim Against Defendant Moran**

Plaintiff specifically asserts that Defendant Moran violated his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172–73 (1952))). The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th

Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *see also Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016); *Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007). Plaintiff in this case states that he was not allowed to present the affidavits of other prisoners. Such allegations do not constitute an egregious abuse of power that would shock the conscience. Therefore, Plaintiff's substantive due process claim against Defendant Moran will be dismissed.

### E. Procedural Due Process claims Against Defendant Moran

To the extent that Plaintiff is asserting a procedural due process claim, such a claim lacks merit. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). A sentence of four days' loss of privileges (ECF No. 1-1, PageID.22) does not amount to an atypical or significant hardship. *See Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000). Plaintiff does not allege that he lost any good-time credits as a result of the conviction. Because Plaintiff did not suffer an infringement of any liberty interest as a result of the minor misconduct charge, he fails to state a claim against Defendant Moran. *See Green*, 2000 WL 876765, at *2 ("Green had no due process liberty interest in the minor misconduct hearing because he did not allege any punishment that affected the duration of his confinement, or that constituted an atypical and significant hardship."); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999) ("Staffney suffered no loss of good time credits as a result of his minor misconduct conviction and the sanctions he received do not represent a liberty interest recognized by the constitution.").

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Beaulieu, Hungerford, and Moran will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims against Defendant Grover. Plaintiff's First Amendment individual capacity retaliation claims against Defendant Grover will remain in the case.

An order consistent with this opinion will be entered.

Dated:   October 16, 2023                         /s/ Jane M. Beckering
                                                                                      Jane M. Beckering
                                                                                      United States District Judge