UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SIDNEY DURELL HILL,

    Plaintiff,

v.

RANDALL GROVER, et al.,

    Defendants.
_____/

Case No. 2:23-cv-156

HON. JANE M. BECKERING

**OPINION AND ORDER**

On August 16, 2023, Plaintiff initiated this prisoner civil rights action against four Defendants, alleging claims under 42 U.S.C. § 1983 related to his treatment while incarcerated at the Kinross Correctional Facility (KCF) in Kincheloe, Michigan (ECF No. 1). On October 16, 2023, this Court issued an Opinion (ECF No. 8) and Order (ECF No. 9) dismissing all but one Defendant, Defendant Grover, from the action. On December 14, 2023, Defendant Grover (Defendant) filed a motion for partial summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies (ECF No. 14). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (ECF No. 19), recommending that this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's objections (ECF No. 20) to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In recommending that this Court grant Defendant's motion, the Magistrate Judge determined that there was no genuine issue of fact that Plaintiff failed to exhaust his grievable retaliation claims (R&R, ECF No. 19 at PageID.141). First, the Magistrate Judge determined that Plaintiff was not permitted to exhaust ordinary, grievable retaliation claims through the misconduct hearing process rather than the Michigan Department of Corrections (MDOC) grievance process (*id.* at PageID.138–39). Second, the Magistrate Judge determined that Plaintiff presented no authority to suggest that a prisoner may exhaust claims in his original complaint after filing suit as long as one of the claims in the original complaint was properly exhausted (*id.* at PageID.140–41). Accordingly, the Magistrate Judge recommended that the Court grant Defendant's motion as to Plaintiff's claims unrelated to his misconduct ticket, which would leave only Plaintiff's First Amendment retaliation claim against Defendant in his individual capacity for issuing Plaintiff a retaliatory misconduct ticket (*id.* at PageID.141).

Plaintiff asserts three objections to the Magistrate Judge's Report and Recommendation.

***First Objection.*** Plaintiff argues that he "exhausted all claims through the misconduct hearing process" (ECF No. 20 at PageID.145). Plaintiff emphasizes that the misconduct report links the misconduct and retaliatory shakedowns and argues that the proper avenue for exhaustion was through the misconduct process (*id.* at PageID.146).

Notably, in determining that Plaintiff could not exhaust retaliation claims unrelated to the misconduct hearing process through the misconduct hearing process, the Magistrate Judge did not overlook Plaintiff's contention that the misconduct report linked the misconduct and retaliatory shakedowns. *See* R&R, ECF No. 19 at PageID.139 ("[t]he affidavits that Hill presented during his misconduct hearing and attached to his misconduct appeal are irrelevant to whether he exhausted his claims that Grover retaliated against him by threatening to shake down Hill's cell,

2

shaking down Hill's cell under false pretenses, and threatening to send Hill to segregation through the available administrative remedy: the MDOC grievance process."). Plaintiff merely reiterates his argument in opposition to Defendant's motion for summary judgment but fails to demonstrate any error in the Magistrate Judge's exhaustion analysis that requires a result different from the Magistrate Judge's recommendation. Plaintiff's first objection is therefore properly denied.

**Second Objection.** Plaintiff argues that the grievance report provided to the Court has been "altered in some way to mislead the court" (ECF No. 20 at PageID.147). Specifically, Plaintiff contends that the report was printed prior to the date that he filed the instant case to mislead the Court of the status of his grievances at the time he filed his Complaint (*id.*).

In the Report and Recommendation, the Magistrate Judge acknowledged the date of the grievance report (R&R, ECF No. 19 at PageID.140). In doing so, he noted that the Step III grievance appeal provided by Plaintiff did not contradict that report and instead demonstrated that Plaintiff filed the relevant Step III grievance appeal on August 25, 2023, after he filed the instant suit (*id.*). Plaintiff's objection does not illuminate any error in the grievance report, nor does he address how any error or omission in the grievance report would affect the Magistrate Judge's determination of the dates of Plaintiff's Step III grievance appeal and Step III response—the dates relevant for exhaustion purposes—that occurred after the date of the report. Plaintiff fails to demonstrate any error in the Magistrate Judge's exhaustion analysis that requires a result different from the Magistrate Judge's recommendation. Plaintiff's second objection is therefore properly denied.

**Third Objection.** Plaintiff requests to supplement his Complaint and "add the properly exhausted claims" (ECF No. 20 at PageID.147). Plaintiff asserts that because his Complaint

3

contains at least one fully exhausted claim, he should be allowed to amend his complaint to add "the two claims Defendant Grover is trying to get dismiss[ed]" (*id.*).

The Magistrate Judge addressed Plaintiff's argument in the Report and Recommendation, noting that Plaintiff "provides no authority to suggest that a prisoner may exhaust claims in his original complaint after filing suit as long as one of the claims in the original complaint was properly exhausted" (R&R, ECF No. 19 at PageID.140–41).  Plaintiff's objection likewise provides no such authority and fails to address the Magistrate Judge's analysis in the Report and Recommendation.  Plaintiff fails to demonstrate any error in the Magistrate Judge's exhaustion analysis that requires a result different from the Magistrate Judge's recommendation.  Plaintiff's third objection is therefore properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 20) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for partial summary judgment (ECF No. 14) is GRANTED.  This case proceeds against Defendant Grover in his individual capacity on Plaintiff's First Amendment retaliation claim for issuing Plaintiff an allegedly retaliatory misconduct ticket.


Dated:  May 28, 2024                               /s/ Jane M. Beckering
                                                   JANE M. BECKERING
                                                   United States District Judge