UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SIDNEY DURELL HILL,

    Plaintiff,

v.

    Case No. 2:23-cv-156

    HON. JANE M. BECKERING

JARRETT GROVER, et al.,

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving, at this stage, only Plaintiff Hill's claim that Defendant Corrections Officer Grover retaliated against him in violation of his rights under the First Amendment by issuing a false misconduct ticket. Plaintiff and Defendant both filed motions for summary judgment (ECF Nos. 39, 51). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the Court deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment (ECF No. 65 at PageID.475). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 70), to which Defendant filed a response in opposition (ECF No. 74).[1] In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those

---

[1] Plaintiff also filed a reply (ECF No. 75), for which leave to file was not sought. *See* W.D. Mich. LCivR 72.3(b).

portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

First, Plaintiff objects that the Magistrate Judge's Report and Recommendation "is devoid of any mention of Plaintiff Hill's verified complaint" (ECF No. 70 at PageID.498). However, Plaintiff dos not identify any specific portion of his verified complaint or affidavits that the Magistrate Judge failed to consider and that counsels a different disposition of this matter. For an objection to be proper, Western District Local Rule 72.3(b) requires objections "*specifically identify* the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." LCivR 72.3(b) (emphasis added). Accordingly, this objection is properly denied because it is overly general. In the alternative, this objection is properly denied because it is not correct. The Magistrate Judge plainly recognized the obligation to consider "all pleadings, depositions, affidavits, and admissions on file" (R&R, ECF No. 65 at PageID.476–477) and cited Plaintiff's Complaint throughout the statement of the facts (*id.* at PageID.475–476). For this reason, too, Plaintiff has failed to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion and this objection is properly denied.

Second, Plaintiff objects to the Magistrate Judge's conclusion that, even construing all facts in the light favorable to Plaintiff, Plaintiff's threat to file a lawsuit does not qualify as protected conduct because the subject of the threatened lawsuit had not yet taken place (ECF No. 70 at PageID.500; *see* R&R, ECF No. 65 at PageID.481). However, even assuming *arguendo* that Plaintiff's argument has merit, the Magistrate Judge separately concluded that Plaintiff cannot show he was engaged in protected conduct because his threat to file a lawsuit was insolence (R&R, ECF No. 65 at PageID.481). While Plaintiff attempts to object to this conclusion as well (ECF No. 70 at PageID.503), Plaintiff's objection is that he provided a verified complaint, six affidavits,

and a grievance that "conflict[]" Defendant's characterization of Plaintiff's threat to file a lawsuit as insolence (ECF No. 70 at PageID.504).  However, Plaintiff, in his objection, does not identify with particularity—indeed, does not identify at all—what "statements" in the record create a genuine issue of material fact as to whether Plaintiff's comment to Defendant was insolence under the applicable MDOC policy, such that the Magistrate Judge erred in his analysis.  Accordingly, this objection, too, is properly denied and Plaintiff has failed to show an error in the Magistrate Judge's ultimate conclusion that Plaintiff was not engaged in protected conduct.

Third, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to demonstrate a genuine issue of material fact as to whether Plaintiff's alleged protected conduct caused Defendant to issue the insolence misconduct ticket (ECF No. 70 at PageID.505; *see* R&R, ECF No. 65 at PageID.483).  As a threshold matter, the Court notes that Plaintiff's inability to show that he was engaged in protected conduct is, independently, fatal to his claim.  Moreover, Plaintiff himself recognizes that the Magistrate Judge relied upon Defendant's statement in his affidavit that, even if the relevant conversation between Plaintiff and Defendant occurred in the manner that Plaintiff alleges, Defendant "still would have issued [Plaintiff] a misconduct ticket for insolence" under the applicable MDOC rule (ECF No. 70 at PageID.505; R&R, ECF No. 65 at PageID.483).  Plaintiff's conclusory assertion that "[n]othing that Plaintiff [] states is Insolence according to the MDOC Policy Directives," (ECF No. 70 at PageID.504), is not sufficient to demonstrate an error in the Magistrate Judge's reasoning or ultimate conclusion.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be

taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 70) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 65) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 39) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 51) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: July 7, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge